IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **INTERGROUP CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:26-cv-1257-PLC** |
| **CONVEX INSURANCE UK LIMITED and PALMS INSURANCE COMPANY, LTD,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANTS CONVEX INSURANCE UK LIMITED AND PALMS INSURANCE COMPANY LTD'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendants Convex Insurance UK Limited ("Convex") and Palms Insurance Company Ltd. ("Palms")(collectively "Defendants") file this Answer to Plaintiff's Original Complaint and would respectfully show the Court as follows:

## GENERAL ALLEGATIONS

1. In response to Paragraph 1, Defendants understand that Plaintiff is a Delaware corporation with its principle place of business in Los Angeles, California. Defendants deny the remaining allegations in Paragraph 1.

2. In response to Paragraph 2, Defendant Convex admits that it is a foreign insurance company engaging in the business of insurance in the State of Missouri.

3. In response to Paragraph , Defendant Palms admits that it is a foreign insurance company engaging in the business of insurance in the State of Missouri.

4. In response to Paragraph 4, Defendants admit that this Court has subject-matter jurisdiction 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity among the Plaintiff and Defendants.

5. In response to Paragraph 5, Defendants admit that the Court has personal jurisdiction over Defendants pursuant to Missouri's long-arm statute – RSMo. § 506.500.1. Defendants deny the remaining allegations in Paragraph 5.

6. In response to Paragraph 6, Defendants admit that venue is proper in this District under 28 U.S.C. § 1390(b). the Court has personal jurisdiction over Defendants pursuant to Missouri's long-arm statute – RSMo. § 506.500.1. Defendants deny the remaining allegations in Paragraph 6.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. In response to Paragraph 7, Defendants admit certain property located at 3209 Cross Keys Drive, Florissant, Missouri sustained some damage due to a weather event. Defendants deny the remaining allegations in Paragraph 7.

8. In response to Paragraph 8, Defendant Convex admits it issued policy number CPR000480-0724 to Plaintiff. Defendant Palms admits it issued policy number PLM-00860-24 to Plaintiff. The two policies speak for themselves. Defendants deny the remaining allegations in Paragraph 8.

9. In response Paragraph 9, Defendants state that the two applicable policies speak for themselves. Defendants deny the remaining allegations in Paragraph 9.

10. In response to Paragraph 10, Defendants admit that a weather event occurred on or about March 14, 2025 at or near property located at 3209 Cross Keys Drive, Florissant, Missouri. Defendants further admit that said property sustained some damage due to said weather event. Defendants deny the remaining allegations in Paragraph 10.

11. In response to Paragraph 11, Defendants admit that a weather event occurred on or about March 14, 2025 at or near property located at 3209 Cross Keys Drive, Florissant, Missouri.

With respect to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to said allegations and therefore deny same.

12. In response to Paragraph 12, Defendants admit that a weather event occurred on or about March 14, 2025 at or near property located at 3209 Cross Keys Drive, Florissant, Missouri that caused some damage to said property. Defendants deny the remaining allegations in Paragraph 12.

13. In response to Paragraph 13, Defendants admit that Plaintiff made a claim for alleged damage due to a March 14, 2025 weather event. Defendants deny the remaining allegations in Paragraph 13.

14. In response to Paragraph 14, Defendants admit that they retained Engle Martin to assist with the investigation and adjustment of the claim. Defendants deny the remaining allegations in Paragraph 14.

15. In response to Paragraph 15, Defendants admit that they retained J.S. Held to assist as a building consultant with respect to the claim. Defendants deny the remaining allegations in Paragraph 15.

16. In response to Paragraph 16, Defendants admit that certain representatives from Engle Martin and/or J.S. Held inspected the property at issue on behalf of the Defendants. Defendants deny the remaining allegations in Paragraph 16.

17. In response to Paragraph 17, Defendants deny the allegations.

18. In response to Paragraph 18, Defendants deny the allegations.

19. In response to Paragraph 19, Defendants deny the allegations.

20. In response to Paragraph 20, Defendants deny the allegations.

21. In response to Paragraph 21, Defendants are without knowledge or information sufficient to form a belief as to said allegations and therefore deny same.

22. In response to Paragraph 22, Defendants admit they were still investigating and adjusting the claim in June 2025. Defendants deny the remaining allegations in Paragraph 22.

23. In response to Paragraph 23, Defendants deny the allegations.

24. In response to Paragraph 24, Defendants deny the allegations.

25. In response to Paragraph 25, Defendants deny the allegations.

26. In response to Paragraph 26, Defendants deny the allegations.

27. In response to Paragraph 27, Defendants admit that they received at least one estimate of damage from Engle Martin and/or J.S. Held. Defendants deny the remaining allegations in Paragraph 27.

28. In response to Paragraph 28, Defendants deny the allegations.

29. In response to Paragraph 29, Defendants admit that J.S. Held issued an estimate of damage for the property at issue and the weather event at issue totaling $847,171.31 on an RCV basis and $656,395.03 on an ACV basis, and shared that estimate with the Plaintiff. Defendants deny the remaining allegations in Paragraph 29.

30. In response to Paragraph 30, Defendants admit Engle Martin issued a letter to Plaintiff on behalf of the Defendants. Defendants deny the remaining allegations in Paragraph 30.

31. In response to Paragraph 31, Defendants admit at least one of them authorized a check dated June 26, 2025 totaling $75,000 for the claim at issue. Defendants deny the remaining allegations in Paragraph 31.

32. In response to Paragraph 32, Defendants admit at least one of them authorized a check dated July 28, 2025 totaling $75,000 for the claim at issue. Defendants deny the remaining allegations in Paragraph 32.

33. In response to Paragraph 33, Defendants deny the allegations.

34. In response to Paragraph 34, Defendants deny the allegations.

35. In response to Paragraph 35, Defendants admit they continued to investigate and adjust claim. Defendants deny the remaining allegations in Paragraph 35.

36. In response to Paragraph 36, Defendants admit at least one of them authorized a check dated October 29, 2025 totaling $185,655.79 for the claim at issue. Defendants deny the remaining allegations in Paragraph 36.

37. In response to Paragraph 37, Defendants admit during the ongoing investigation and adjustment of the claim, they determined an undisputed amount owed. Defendants deny the remaining allegations in Paragraph 37.

38. In response to Paragraph 38, Defendants admit that at the conclusion of the ongoing investigation and adjustment of the claim, at least one of them authorized a payment on or about February 12, 2026. Defendants deny the remaining allegations in Paragraph 38.

39. In response to Paragraph 39, Defendants admit that at the conclusion of the ongoing investigation and adjustment of the claim, at least one of them authorized a payment on or about February 12, 2026. Defendants deny the remaining allegations in Paragraph 39.

40. In response to Paragraph 40, Defendants deny the allegations.

41. In response to Paragraph 41, Defendants deny the allegations.

42. In response to Paragraph 42, Defendants admit they received a May 4, 2026 letter from counsel for Plaintiff. Defendants disagree that additional insurance proceeds are owed under

the applicable policies based on the information and documentation provided to date. Defendants deny the remaining allegations in Paragraph 42.

43. In response to Paragraph 43, Defendants deny that they have not provided full coverage for the claim under the applicable policies based on the information and documentation provided to date. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations and therefore deny same.

44. In response to Paragraph 44, Defendants understand that Plaintiff has elected to retain an attorney or attorneys. Defendants deny the remaining allegations in Paragraph 44.

45. In response to Paragraph 45, Defendants deny that they have delayed any payment for the claim or improperly denied the claim. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations and therefore deny same.

46. In response to Paragraph 46, Defendants deny the allegations.

## COUNT I – Breach of Contract

47. Defendants assert that Paragraph 47 in the Plaintiff's Complaint does not require a response. However, to the extent a response is required, Defendants incorporate by reference their responses to the allegations to paragraphs 1-46 above herein, and deny any remaining allegations in Paragraph 47.

48. In response to Paragraph 47, Defendants admit they issued policies of insurance to Plaintiff insuring certain property subject to all conditions, terms, limitations, exclusions and provisions in exchange for certain sums of money. Defendants further state that the applicable policies speak for themselves. Defendants deny the remaining allegations in Paragraph 48.

49. In response to Paragraph 48, Defendants admit that Plaintiff paid certain sums of money for the applicable policies at issue. Defendants deny the remaining allegations in Paragraph 49.

50. In response to Paragraph 50, Defendants deny the allegations.

51. In response to Paragraph 51, Defendants deny the allegations. Defendants further denies that Plaintiff is entitled to damages or any other relief for any alleged breach of contract as requested in the paragraph that follows Paragraph 51.

## RESULTING LEGAL DAMAGES

52. Defendants assert that Paragraph 52 in the Plaintiff's Complaint does not require a response. However, to the extent a response is required, Defendants incorporate by reference their responses to the allegations to paragraphs 1-51 above herein, and deny any remaining allegations in Paragraph 52.

53. In response to Paragraph 53, Defendants deny the allegations or deny that Plaintiff would ever be entitled to such damages under Missouri law.

54. In response to Paragraph 54, Defendants deny the allegations.

55. In response to Paragraph 55, Defendants deny the allegations. Defendants further denies that Plaintiff is entitled to damages or any other relief as alleged in the paragraph that follows Paragraph 55.

## COUNT II – Vexatious Refusal
## (RSMo. §§ 375.296, 375.420)

56. Defendants assert that Paragraph 56 in the Plaintiff's Complaint does not require a response. However, to the extent a response is required, Defendants incorporate by reference their responses to the allegations to paragraphs 1-55 above herein, and deny any remaining allegations in Paragraph 56.

57. In response to Paragraph 57, Defendants deny the allegations.

58. In response to Paragraph 58, Defendants admit that they issued policies of insurance covering certain property in Missouri and that the policies of insurance speak for themselves. Defendants deny any remaining allegations in Paragraph 58.

59. In response to Paragraph 59, Defendants admit that Plaintiff sustained a covered loss and made a claim. Defendants deny any remaining allegations in Paragraph 59.

60. In response to Paragraph 60, Defendants deny the allegations.

61. In response to Paragraph 61, Defendants deny the allegations.

62. In response to Paragraph 62, Defendants deny the allegations.

63. In response to Paragraph 63, Defendants deny the allegations.

64. In response to Paragraph 64, Defendants admit they received a May 4, 2026 letter from counsel for Plaintiff. Defendants disagree that additional insurance proceeds are owed under the applicable policies based on the information and documentation provided to date. Defendants deny the remaining allegations in Paragraph 64.

65. In response to Paragraph 65, Defendants deny the allegations.

66. In response to Paragraph 66, Defendants deny the allegations. Defendants further denies that Plaintiff is entitled to damages or any other relief as alleged in the paragraph that follows Paragraph 66.

## CONDITIONS PRECEDENT

67. Defendants specifically deny that Plaintiff has satisfied all conditions precedent to the recovery they seek in this lawsuit in the following particulars:

68. Insurance coverage under Defendants' applies, if at all, only to a loss that occurs during the policy period of July 29, 2024, to July 29, 2025. To the extent any part of the claimed

losses for which Plaintiff seeks recovery did not occur during this policy period, the policies provide no coverage for such losses.

69. Defendants' obligation to pay under the policy extends, if at all, only to the extent provided by the applicable policies' Valuation, Loss Payment and Replacement Cost provisions, including any modification of said provisions by endorsements to the policies.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

70. Without waiving the denials set forth above, and pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert the following affirmative and other defenses. By asserting these defenses, Defendants do not intend to shift any burden of proof allocated to the parties under applicable law:

### FIRST DEFENSE

71. Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

72. Plaintiff's claims are subject to, and limited by, all of the terms, conditions, limitations, exclusions, and deductibles contained in the applicable policies (CPR000480-0724 and PLM-00860-24) issued to Plaintiff. The policies are in writing and speak for themselves and is the best evidence of any coverage it provides.

### THIRD DEFENSE

73. The policies apply only to a loss that occurs during the policy period of July 29, 2024, to July 29, 2025. To the extent any part of the claimed loss for which Plaintiff seeks recovery did not occur during this period, the policies provide no coverage for such loss.

## FOURTH DEFENSE

74. Plaintiffs' loss is recoverable, if at all, only to the extent provided by the applicable policies' Valuation, Loss Payment and Replacement Cost provisions, including any modification of said provisions by endorsements to the policies.

## FIFTH DEFENSE

75. Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's claimed right of recovery under the policies is subject to the applicable deductible(s) specified in the policies, including the Wind or Hail Percentage Deductible. Defendants have no liability under the policies unless Plaintiff's covered loss or damage, if any, exceeds said deductible(s), and Plaintiff's recovery, if any, must be offset and reduced by said deductible(s).

## SIXTH DEFENSE

76. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff failed to take reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the policies and the law, if any, must be offset and reduced accordingly.

## SEVENTH DEFENSE

77. Plaintiff's claims are barred by Plaintiffs' failure to allocate their alleged damages between covered and non-covered causes.

## EIGHTH DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the policies' exclusion, to the extent Plaintiffs' alleged damages resulted from: (1) wear and tear; (2) rust or other corrosion, decay, deterioration, fading, hidden or latent defect or any quality of the property that causes it to damage or destroy itself; (3) smog; (4) settling, cracking, shrinking or expansion, or (5) nesting or

infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals.

**NINTH DEFENSE**

79. Plaintiffs' claims are barred, in whole or in part, by the policies' exclusion, to the extent Plaintiffs' alleged faulty, inadequate or defective: (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) materials used in repair, construction, renovation or remodeling; or (4) maintenance of part or all of any property.

**TENTH DEFENSE**

80. Defendants and its employees, agents, representatives, and adjusters undertook reasonable investigation of Plaintiff's claims. Defendants had reasonable cause or excuse to pay the amounts offered and/or paid under the policies and to decline payment of the excessive or uncovered amounts demanded by Plaintiff such that Plaintiff's claims under RSMo. §§ 375.296, 375.420 are barred.

**ELEVENTH DEFENSE**

81. Plaintiff's claims are reduced by the amount of their deductible and any prior payment for their damages. Defendants are entitled to an offset or credit in the total amount of Plaintiff's deductible and any prior payments from Defendants or any other party involving the same damages at issue in this lawsuit.

**TWELFTH DEFENSE**

82. Plaintiff's claims for consequential damages are barred, in whole or in part, because such damages are not recoverable under the policies or Missouri law applicable to first-party

property insurance claims. To the extent Plaintiff seeks damages beyond the policies' coverage for direct physical loss of or damage to Covered Property, such damages are not compensable.

## PRAYER

83. WHEREFORE, PREMISES CONSIDERED, Defendants Convex Insurance UK Limited and Palms Insurance Company Ltd. pray that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) Plaintiff take nothing by its claims; (c) all costs be taxed against Plaintiff; and (d) for such other and further relief, general or special, at law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE, LLC**

/s/ *Wm. Clayton Crawford*
Wm. Clayton Crawford MO #41619
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
Email: ccrawford@bakersterchi.com

And

Lisa M. Verity MO #75796
100 S. 4th Street, Suite 900
St. Louis, MO 63102
Telephone: (314) 345-5000
Facsimile: (314) 345-5055
Email: lisa.verity@bakersterchi.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on August 27, 2026:

Todd R. Wells
MO Bar ID: 69423
TX Bar ID: 24124620
twells@raiznerlaw.com

RAIZNER SLANIA LLP
2402 Dunlavy St., Suite 300
Houston, TX 77006

**ATTORNEY FOR PLAINTIFFS**

*Wm. Clayton Crawford*
Wm. Clayton Crawford