**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTERGROUP CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:26-CV-1257HEA |
| v. | ) | |
| | ) | |
| CONVEX INSURANCE UK LIMITED, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**
**REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION**

After due consideration of the issues and in consultation with the parties, the Court finds that this cause is appropriate for referral to an alternative form of dispute resolution as provided by the Local Rules of this Court.

**IT IS HEREBY ORDERED that effective October 5, 2026 :**

(a) Referral to ADR: This case is referred to: **Mediation.**

(b) Conduct of ADR Conference(s): The ADR conference(s) shall be conducted in accordance with the procedures set forth in E.D. Mo. Local Rules 6.01-6.05.

(c) Scheduling ADR Conference(s): The ADR conference(s) shall be concluded before **November 19, 2026**, unless extended by order of the Court or by the neutral pursuant to Local Rule 6.02(A)(2). Although ADR conferences may be conducted at any location agreed to by the parties, counsel, and the assigned neutral, the parties are advised that such conferences may be conducted in designated space in the United States District Court, 111 South 10th Street, St. Louis, Missouri, and United States District Court, 555 Independence Street, Cape Girardeau, Missouri, by making arrangements with the Office of the Clerk.

(d) General Rules Governing ADR Conference(s): The ADR procedures are defined and the process shall be conducted in accordance with E.D.Mo. L.R. 6.01-6.05. The following Orders are entered in this matter:

(1) Designation of Lead Counsel: **Mr. Todd Wells** is designated as lead counsel and shall be responsible for working with the parties and the neutral to coordinate an agreeable date, time, and, if necessary, location for the initial ADR conference.

(2) Responsibilities of Lead Counsel: Not later than **October 15, 2026**, lead counsel shall notify the clerk of the agreed choice of neutral selected by the parties, and the date, time and, if applicable, location of the initial ADR conference. (See Designation of Neutral/ADR Conference Report fillable form, http://www.moed.uscourts.gov; select "Forms" link under Court Business tab, scroll down to Form MOED-0028). Upon selection of the neutral, lead counsel shall send a copy of this Order to the neutral.

(3) Authority of the Neutral: The neutral shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives and claims professionals, to suggest alternatives, analyze issues and positions, question perceptions, stimulate negotiations, and keep order.

(4) Compliance with Deadlines: All deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead **counsel shall file a motion requesting an extension of the deadline prior to the expiration of that deadline.** Noncompliance with any deadline set herein by this Court may result in the imposition of sanctions upon the appropriate counsel, party or parties.

(e) Local Rule 6.02 – Duties of Participants: Counsel for all parties is directed to review E.D.Mo. Local Rule 6.02 in its entirety. The Court specifically notes the following requirements as set forth below:

(1) Attendance and Participation: All named parties and their counsel are required to attend the ADR conference, participate in good faith, and possess the requisite settlement authority unless excused under this Rule. The attendance requirement is satisfied by appearing in person or by video conference, unless in-person attendance is Ordered by the Court or required by the neutral. Unless excused by the neutral for good cause shown, when appearing by video conference, persons must be visibly present in front of their camera with audio and video turned on so that audio and visual interaction with all parties can occur.

(f) Compensation of the Neutral: The neutral shall receive reasonable compensation for services rendered pursuant to this order, which, unless otherwise agreed by counsel, shall be borne by the parties in accordance with Local Rule 6.03(C)(1), or the pro bono provisions of Local Rule 6.03(C)(2).

**Nothing in this order alters the Case Management Order previously entered in this case. All deadlines set forth in the Case Management Order remain in full force and effect.**

**The Court may impose sanctions for any willful or negligent failure of a party, its representative, or counsel to comply with deadlines, proceed, or participate in good faith in accordance with this Order and the Local Rules concerning Alternative Dispute Resolution.**

Dated this 29th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE