UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INTERGROUP CORPORATION<br>*Plaintiff*,<br><br>vs.<br><br>CONVEX INSURANCE UK LIMITED and<br>PALMS INSURANCE COMPANY, LTD<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-1257 |

**PLAINTIFF'S MOTION TO COMPEL APPRAISAL AND STAY PROCEEDINGS PENDING APPRAISAL**

Plaintiff Intergroup Corporation ("Intergroup") moves the Court for an order compelling Defendants Convex Insurance UK Limited ("Convex") and Palms Insurance Company, Limited ("Palms") (together, "Defendants" or the "Carriers") to participate in the appraisal process required by their insurance policies and staying this action pending completion of that appraisal. In support, Intergroup states as follows:

**A. The Policies permit either party to invoke appraisal of disputes over the amount of loss.**

1. Convex issued Commercial Property Policy No. CPR000480-0724, and Palms issued Commercial Property Policy No. PLM-00860-24, to Intergroup for the policy period July 29, 2024 to July 29, 2025 (together, the "Policies"). The Policies are attached as **Exhibits 01 and 02**, respectively. The Policies insure the Des Arboles Apartments, a 33-building multifamily complex at 3209 Cross Keys Drive, Florissant, Missouri (the "Property"). Compl. [Dkt. 1] ¶¶ 7–8, 23.

2. The Convex Policy's Building and Personal Property Coverage Form (CP 00 10 10 12) contains an Appraisal condition: "If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss." **Ex. 01** at p. 26.

Each party selects an appraiser, the appraisers select an umpire, and "[a] decision agreed to by any two will be binding." *Id.*

3. Palms is bound by the same condition. The Palms Policy's Participation Follow Form Endorsement provides that the Palms Policy "shall run concurrently with and be subject to the same terms, provisions and limitations of" Convex Policy No. CPR000480-0724. **Ex. 02** at p. 6. No Palms endorsement alters or removes the Appraisal condition.

4. On or about March 14, 2025, a wind and hailstorm, accompanied by an EF2 tornado nearby, struck the Property. Compl. [Dkt. 01] ¶¶ 10–11. Intergroup reported the loss within two weeks. *Id.* ¶ 13. The Carriers adjusted the claim, accepted it, had their own building consultant price the damage, and paid on that valuation. *Id.* ¶¶ 14–15, 29–39. They have never identified any exclusion, condition, or other coverage defense. *Id.* ¶ 41.

**B. This is a dispute over valuation, not coverage.**

5. On June 26, 2025, Hausch & Company, Inc.—the Carriers' third-party administrator—reported that "[o]ur investigation to date has determined that a covered loss has occurred within the coverage period for this policy." **Ex. 03**, Letter of Advance Payment dated June 26, 2025. The same letter issued an advance payment of $75,000. *Id.*

6. The Carriers' building consultant, J.S. Held, LLC, prepared the estimate on which the Carriers adjusted the claim. **Ex. 04**, J.S. Held Estimate. That estimate valued the damage at $847,171.31 on a replacement cost basis. *Id.*

7. Between June 2025 and January 27, 2026, the Carriers increased their estimate. On January 27, 2026, Engle Martin—another third-party adjusting company for the Carriers—issued a letter to Intergroup that confirmed the Property "sustained a storm loss on March 15, 2025." **Ex. 05**, Engle Martin Letter dated January 27, 2026. At that time, Engle Martin stated the

"undisputed" value of the loss was $1,052,530.10, resulting in total payments to Intergroup in the amount of $521,311.57. *Id.*

8. As of January 26, 2026—and through present day—it had become clear that the dispute was over the valuation of a covered loss sustained at the property. Intergroup's estimate to repair the Property at this time is $6,471,041.67. As a result, the difference is one of valuation.

**C. Missouri law enforces appraisal clauses where the dispute is one of valuation.**

9. Under Missouri law, which governs this diversity action, "[a] provision in an insurance policy for the amount of the loss to be ascertained by appraisers in case of disagreement in relation thereto is binding and enforceable." *Olga Despotis Tr. v. Cincinnati Ins. Co.*, 867 F.3d 1054, 1060 (8th Cir. 2017) (quoting *Lance v. Royal Ins. Co.*, 259 S.W. 535, 535 (Mo. Ct. App. 1924)).

10. "[W]here the parties' disagreement is over the amount of loss, appraisal is appropriate." *Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2013 U.S. Dist. LEXIS 76584, at *24 (E.D. Mo. May 31, 2013); *see also Taven Apartments Ltd. P'ship v. State Farm Fire & Cas. Co.*, No. 1:17-cv-00083-AGF, 2017 U.S. Dist. LEXIS 174905, at *6–8 (E.D. Mo. Oct. 23, 2017).

**D. Intergroup invoked appraisal, and Defendants have not responded.**

11. On September 24, 2026, Intergroup made written demand for appraisal under the Policies. **Ex. 06**, Email Chain dated October 7, 2026.

12. The next day, the parties filed their Joint Proposed Scheduling Order, which advised the Court that Intergroup had invoked appraisal and that Defendants were evaluating the request. Joint Proposed Scheduling Order [Dkt. 15] ¶ 4. The parties further advised that "[i]f the

parties jointly agree to proceed with appraisal, the parties will ask this Court to abate the matter temporarily while they undergo an appraisal process." *Id.*

13. Defendants did not respond to the demand. Intergroup's counsel followed up in writing on September 30, 2026, and again received no response. **Ex. 06**, Email Chain Dated October 7, 2026.

14. Intergroup's counsel followed up multiple times via email and phone calls. Defendants' counsel did not respond. **Ex. 06**, Email Chain Dated October 7, 2026.

**E. A stay pending appraisal is warranted.**

15. A stay pending appraisal will conserve the resources of the Court and the parties. The appraisal award will fix the amount of loss.

16. This Motion is supported by the accompanying Memorandum in Support, filed under E.D. Mo. L.R. 4.01(A), and by Exhibits 1 through 6.

WHEREFORE, Intergroup respectfully requests that the Court enter an Order: (a) compelling Convex and Palms to participate in appraisal of the loss under the appraisal condition of the Policies; (b) directing the parties to identify their appraiser within fourteen (14) days of the Order; (c) providing that, if the appraisers cannot agree on an umpire within fifteen (15) days after the parties identify their appraisers, either party may apply to this Court to select the umpire; (d) directing that the appraisal award state separately, by building and by line item, the replacement cost value and actual cash value of the loss; (e) staying this action pending completion of the appraisal, with a joint status report due every ninety (90) days; and (f) granting such further relief as the Court deems just and proper.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

*/s/ Todd R. Wells* ________
Todd R. Wells
MO Bar ID: 69423
TX Bar ID: 24124620
2402 Dunlavy St., Suite 300
Houston, Texas 77006
Phone: 713-554-9078
Fax: 713.571.1148
twells@raiznerlaw.com

**ATTORNEY FOR INTERGROUP**

## CERTIFICATE OF SERVICE

This certifies that, on October 9, 2026, a true copy of the foregoing was served on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Wm. Clayton Crawford
BAKER STERCHI COWDEN & RICE, LLC
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108

Lisa M. Verity
BAKER STERCHI COWDEN & RICE, LLC
100 S. 4th Street, Suite 900
St. Louis, MO 63102

Todd M. Tippett (Pro Hac Vice Pending)
Zelle, LLP
901 Main Street, Suite 4000
Dallas, TX 75202
**ATTORNEYS FOR DEFENDANT**

*/s/ Todd R. Wells* ________
Todd R. Wells