**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **INTERGROUP CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CONVEX INSURANCE UK LIMITED and PALMS INSURANCE COMPANY, LTD,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-1257-HEA** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL APPRAISAL**

Defendants Convex Insurance UK Limited and Palms Insurance Company Ltd. ("Defendants") files this Response to Plaintiff Intergroup Corporation's ("Plaintiff") Motion to Compel Appraisal (the "Motion"), Brief in Support, and respectfully show the Court as follows:

Plaintiff's Motion should be denied. Appraisal is not appropriate in this case because the parties' dispute centers on coverage. Issues of coverage are not appropriate for appraisal under well-settled Missouri law. For the most part, the dispute concerns whether certain claimed damage to Roof Surfacing at an apartment complex must be replaced or can be repaired due to a storm event. Expert engineering analysis obtained by the Defendants has determined that the Roof Surfacing at issue can be spot repaired and does not need to be replaced. Whether the entirety of each Roof Surfacing must be replaced (as opposed to spot repaired) is a coverage issue that is not appropriate for appraisal. Therefore, Plaintiff's Motion to Compel Appraisal should be denied.

## A. FACTUAL BACKGROUND

**The Policies**

Defendants Convex and Palms issued separate policies of insurance for the period beginning July 29, 2024 and ending July 29, 2025 (*See* Exhibits 01 and 02 attached to Plaintiff's Motion, Dkt #21). Convex and Palms are each responsible for 50% of a covered loss up to a $5,000,000 per occurrence limit. Coverage under the policies is subject to a 2% Wind/Hail deductible (in this case $314,679.92). Coverage for Roof Surfacing is also limited to Actual Cash Value, as that term is defined in the policies. The policies also state that they pay based on the value at the time of the loss. (*See* Exhibits 01 and 02 attached to Plaintiff's Motion, Dkt #21).

**The Claim**

Plaintiff has made claim for storm damage to a 33-building apartment complex located at 3209 Cross Keys Drive, Florissant, Missouri. The storm event that reportedly caused the damage took place on March 15, 2025. Upon receipt of the claim, Defendants and its representatives began an investigation and adjustment of the loss. Defendants determined that the March 15, 2025 storm event caused damage to the apartment complex. Defendants measured the loss at $1,052,530.10 on a Replacement Cost basis. *See* Exhibit 04 attached to Plaintiff's Motion, Dkt #21).This measure included interior damage, exterior damage, and spot repairs to the Roof Surfacing on several buildings. An engineering analysis concluded that the Roof Surfacing at the apartment complex did not need to be replaced, but rather could be repaired, if damaged at all. (See Exhibit A to this Response). During the adjustment of the loss, the Plaintiff and its representatives agreed that the Roof Surfacing could be spot repaired. This is evidenced by a $1,256,665.88 estimate of repairs submitted by the Plaintiff and its public adjuster during the adjustment of this claim. (*See* Exhibit B to this Response). In order words, at one time this was arguably a $200,000 – 400,000 dispute

and at that point the parties largely agreed on the extent of loss, which might have made this appropriate for appraisal. This is further evidenced by the Plaintiff's demand letter dated May 4, 2026 wherein they state that their measure is $1,256,665.88 and demand $420,674.38. (*See* Exhibit C to this Response).

Now five months later, and after suit was filed, Plaintiff's measure is $6,471,041.67. This dramatic five-fold increase is driven almost entirely by three issues: 1) The Plaintiff now wants to replace each Roof Surfacing at the complex as opposed to making the previously agreed upon spot repairs; 2) The Plaintiff's measure includes a Replacement Cost measure for each Roof Surfacing it wants to replace despite the policies limiting coverage on Roof Surfacing to Actual Cash Value; and 3) the Plaintiff is using a pricing list for August 2026 instead of March 2025, which is inappropriate. (*See* Exhibit C to this Response). Not one of these issues is appropriate for appraisal.

## B. APPLICABLE POLICY PROVISIONS

The Policies provide the following pertinent provisions:

**Appraisal**
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.

***

**Valuation**
We will determine the value of Covered Property in the event of loss or damage as follows:
**a.** At (Replacement Cost Value) as of the time of loss or damage…

***

**LIMITATIONS ON COVERAGE FOR ROOF SURFACING**

***

| Premises Number | Building Number | Indicate Applicability |
|---|---|---|
| ALL | ALL | A&B |

**A.** The following applies with respect to loss or damage by a **Covered Cause of Loss (including wind and hail if covered)** to a building or structure identified in the Schedule as being subject to this paragraph **A**.:
Replacement Cost coverage (if otherwise applicable to such property) does not apply to roof surfacing. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

**B.** The following applies with respect to loss or damage by **wind and/or hail** to a building or structure identified in the Schedule as being subject to this Paragraph **B**.:

We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or superficial damage that altered the appearance of the roof surfacing , but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred.

**C.** For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection.

(*See* Exhibits 01 and 02 attached to Plaintiff's Motion, Dkt #21)

## C. LEGAL ARGUMENTS

Defendants do not dispute that appraisal provisions in first-party property policies are unambiguous and enforceable under Missouri law. However, "Missouri law is clear that whether the appraisal provision of an insurance policy applies depends on whether the dispute between the insurer and insured is properly characterized as a coverage dispute or a disagreement over the

amount of loss."[1] It is the Defendant's position that once litigation ensued and Plaintiff increased its measure from $1,256,665.88 to $6,471,041.67 this became a coverage dispute.

**This is a Coverage Dispute that is not appropriate for Appraisal.**

The Missouri Supreme Court has defined a coverage dispute under an insurance policy as a "controversy and disagreement [that] relates to [the insurer's] liability, or more accurately, the extent of liability."[2] Plaintiff primarily relies on the *Taven*[3] and *Tarantino*[4] for its unavailing proposition that appraisal is appropriate in this case. However, more recent cases issued in both the Western and Eastern Districts of Missouri now disagree with those cases and based on that disagreement suggest that the subject claim is not appropriate for appraisal.

In *Cincinnati Ins. Co. v. Saint Louis Produce Markets, Inc.,*[5] the Eastern District of Missouri in 2020 considered a Motion to Compel Appraisal in a first-party property case. The court initially noted that two years after *Tarantino* was decided, the Missouri Court of Appeals - relying on section 435.350 of the *Missouri Revised Statutes*, concluded that a policy's appraisal provision did not apply to an insured's claim regarding hail damage to his home where the parties disputed both the extent and cause of damages.[6] The *Saint Louis* court also both distinguished and disagreed with the *Tarantino* court decision noting that the "extent of loss" is not appropriate for appraisal when it denied the subject Motion to Compel Appraisal.[7] The court concluded it opinion stating, "If experts are to disagree on causation, and here that seems likely, such credibility

---

1 *Am. Family Mut., Ins. Co. v. Dixon*, 450 S.W.3d 831, 835 (Mo. Ct. App. 2014) (quoting *Hawkinson Tread Tire Service Co. v. Indiana Lumbermens Mutual Insurance Co.*, 362 Mo. 823, 245 S.W. 2d 24 (Mo. 1951)).

2 *Hawkinson Tread Tire Serv. v. Ind. Lumbersmans Mut. Ins. Co*., 245 S.W.2d 24, 35 (Mo. 1951).

3 *Taven Apartments Ltd. P'ship v. State Farm Fire & Cas. Co.*, No. 1:17-cv-00083-AGF, 2017 U.S. Dist. LEXIS 174905, at *6–8 (E.D. Mo. Oct. 23, 2017).

4 *Underwriters at Lloyd's of London, Syndicate 4242 v. Tarantino Properties, Inc.*, No. 4:12-CV-00167-DGK, 2012 U.S. Dist. LEXIS 124972, at *10 (W.D. Mo. Sept. 4, 2012).

5 4:20-cv-00358, 2020 WL 5848075 (E.D. MO. Oct. 1, 2020).

6 *Id*. at *3 (citing *Am. Fam. Mut. Ins. Co. v. Dixon*, 450 S.W.3d 831, 833 (Mo. App. E.D. 2014).

7 *Id.*

determinations are to be through judicial channels and not, as [the insured] urges, through "appraisers" and "umpires" masquerading as unapproved and statutorily disallowed arbitrators."[8]

A Western District federal court likewise determined that when the "extent of damage" is at issue, it is a coverage issue that is not appropriate for appraisal. In *Eastport Office Condo Owners Assoc. Inc. v. Sentinel Ins. Co. Ltd.*, the federal court denied a Motion to Compel appraisal "[b]ecause the predominant issue is *not solely* amount of loss, [and] appraisal is not appropriate at this time."[9] The matter involved an insured association claiming wind damage to several buildings. The carrier noted minimal (but some) wind damage at the various buildings and valued the loss at $380, below the $2,500 deductible, and noted that the damage was to a roof that could be spot repaired. The insured association valued the loss at $1,496,550.48 and wanted all the roofs replaced, as opposed to allowing spot repairs. A dispute arose as to whether and to what extent the storm event at issue caused the loss. The insured demanded appraisal, which the carrier rejected. The federal court denied the Motion to Compel Appraisal filed by the insured after noting that the dispute was not about what it cost to repair the small area of roof for which the carrier had accepted coverage but was a challenge as to whether the entirety of the roofs needed to be replaced. The court ultimately decided that such a determination was a coverage issue that was not appropriate for appraisal.[10]

The subject claim is no different from the *Saint Louis* and *Eastport* cases. If the Plaintiff and Defendants were arguing over the amount of loss associated with the undisputed spot repairs to the Roof Surfacing at issue, Defendants would agree appraisal is appropriate. At one time, Defendants understood the parties agreed spot repairs to the Roof Surfacing was the appropriate

---

8 *Id. (citing Section* 435.350 RSMO*; and Dixon,* 450 S.W.3d at 823-833, 836) (emphasis added).
9 4:22-cv-00297, 2022 WL 19001854, *3 (Dec. 29, 2022)
10 *Id.*

remedy, as evidenced by the initial estimates ($1.05M v. $1.25M), attached hereto. Now, after suit was filed, the Plaintiff is arguing that all the Roof Surfacing at issue needs to be replaced - not spot repaired. Whether the Roof Surfacing at issue needs to be replaced (as opposed to spot repaired) is a coverage issue appropriate for proper experts to opine on and the Court to determine. It is not appropriate for appraisers "masquerading as unapproved and statutorily disallowed arbitrators" to determine coverage on the replacement or repair of the Roof Surfacing at issue, including whether the Cosmetic Damage Exclusion in the Roof Surfacing Limitation Endorsement applies, as noted above.

**It is not appropriate for an Appraisal Panel to determine if the Cosmetic Damage Exclusion Applies.**

The policies contain an exclusion for cosmetic damage, as that term is defined. As part of Defendants' analysis based on an expert engineering report, they determined that some of the damage claimed was cosmetic in nature. Defendants specifically determined that: 1) most of the Roof Surfacing at issue was not damaged by the storm event at issue; 2) some of the Roof Surfacing at issue contained damage that was cosmetic in nature (and therefore not covered); and 3) some of the Roof Surfacing at issue needed to be spot repaired. Whether the Cosmetic Damage Exclusion in the Roof Surfacing Limitation Endorsement is applicable is a coverage issue for the court to determine, not an appraisable issue.

Plaintiff may argue that Defendants have somehow waived their right to apply the Cosmetic Damage Exclusion in the Roof Surfacing Limitation Endorsement. Defendants disagree. Defendants understood there was an agreement on the application of the Endorsement when the Plaintiff submitted their $1.25M estimate that included agreed upon spot repairs to the Roof Surfacing.

If the Defendants are compelled to appraisal and the appraisal panel fails to apply the Cosmetic Damage Exclusion in the policies, Defendants will be forced to reject the Appraisal Award, deny the claim (as is their right in the policies) and litigate the coverage issue with this Court. It is not appropriate for the purported appraisal panel to consider the coverage issue, that it is an issue for the Court to determine, and therefore, appraisal would not only be inappropriate but would also be a waste of resources.

**The Insured is limited to Actual Cash Value on the Roof Surfacing and Pricing for all Components should be set at time of the loss.**

Plaintiff's $6.5M measure in its Motion is for the full replacement of all Roof Surfacing at Replacement Cost Value and at August 2026 pricing. If the appraisal panel issues an award that fails to appropriately limit any award associated with the Roof Surfacing to Actual Cash Value and/or fails to apply pricing from March 2025 (the time of the loss) as required by the policies, Defendants will be forced to reject the Appraisal Award, deny the claim and litigate the coverage issues with this Court. Therefore, appraisal would not only be inappropriate but would also be a waste of resources.

## D. CONCLUSION AND PRAYER

Appraisal is inappropriate for this matter. The majority of this dispute is over whether the Roof Surfacing at issue can be spot repaired or needs to be replaced. That is a coverage issue for this Court to determine and is not appropriate for an appraisal panel under Missouri law. Therefore, Defendants request that the Court deny Plaintiffs' Motion to Compel Appraisal in its entirety, as well as requesting that the Court make such further orders as it deems fair and just.

***{signature page follows}***

Respectfully submitted,

**ZELLE LLP**

/s/ *Todd M. Tippett*
Todd M. Tippett #240446977T
Texas Bar No. 24046977
ttippett@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

-and-

Wm. Clayton Crawford #41619MO
**BAKER STERCHI COWDEN & RICE, LLC**
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
Email: ccrawford@bakersterchi.com

-And-

Lisa M. Verity #75796MO
**BAKER STERCHI COWDEN & RICE, LLC**
100 S. 4th Street, Suite 900
St. Louis, MO 63102
Telephone: (314) 345-5000
Facsimile: (314) 345-5055
Email: lisa.verity@bakersterchi.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on October 23, 2026:

Todd R. Wells
MO Bar ID: 69423
TX Bar ID: 24124620
twells@raiznerlaw.com

RAIZNER SLANIA LLP
2402 Dunlavy St., Suite 300
Houston, TX 77006

**ATTORNEYS FOR PLAINTIFF**

*/s/ Todd M. Tippett*
Todd M. Tippett